Our final case of the morning is Martensen v. Chicago Stock Exchange. Mr. Martensen, this time it's you. Good morning. May it please the court, my name is Jeffrey Martensen, and I am the plaintiff appellant. Although the underlying case concerns statutorily protected activities under Dodd-Frank and its prohibition on retaliation, this appeal is about multiple procedural errors, reversible that unnecessarily derail this case practically from the start. Well, let me ask you about that. So let's just assume for the sake of argument that the district court did err in dismissing the case before you had your full time to respond or before the Rule 15 time for amendment as of right had run. Is your position that that's reversible error? It's not subject to harmless error analysis? And if it is subject to harmless error analysis, what's the harm? It's not harmless. Can you? Well, in other words, if it wouldn't change the outcome, if sending it back would be futile. I'm asking you whether we need to even engage in the inquiry here, whether you suffered some harm by virtue of the error of the premature dismiss. The argument made by the defendant in the motion was that I was not a whistleblower because I didn't specifically say that I reported anything to the SEC in the complaint. But that's not necessary for the complaint. It may or may not be necessary to win the case at trial below, but it's not necessary for the complaint. So you're saying that we do consider whether you were harmed by the error, but you were harmed because you want us to send it back so you have the chance to say that you did report it to the SEC? I, to amend the complaint, yes. And include, you know, based on what I've learned in the last several months, several other things in the complaint. But the harm was that before the Supreme Court right now is the Digital Realty Trust, B. Summers, where the argument is whether internal reporting is protected under whistleblowing, the whistleblower statute in Dodd-Frank, or strictly things that are reported directly to the SEC. I understand that. Let's just bracket that for one second. Let me just ask you one other question about the facts. Let's assume that you would lose under, let's assume that the Supreme Court decides that whistleblowers have to report to the SEC and internal reporting doesn't count. Let's assume that goes away. What would you say in an amended complaint? I mean, can you amend your complaint to say that you reported this to the SEC? Because I did report in January, I forget the date, of 2014. I made a report on the form TCR as required. So it's your Fifth Circuit's position. Without a doubt. And it's important to point out, even in the Fifth Circuit case, Asadi, that case wasn't dismissed by the District Court because he wasn't a whistleblower. It was dismissed because of extraterritoriality issues and confirmed, that dismissal was confirmed by the Appeals Court because Asadi admitted that he wasn't a whistleblower. But that, I mean, I've always claimed that I was a whistleblower. I am a whistleblower. Well, if you reported it to the SEC, why didn't you say that to the District Court? Why didn't you submit an amended complaint that made clear what your factual basis for saying you reported it to the SEC are? First of all, the way this went, the motion to dismiss was submitted on May 26, 2017. A hearing was scheduled for the attorney that I had at the time, he understood, I conveyed all the facts and I said, well no, they're wrong. But that hearing was canceled for some reason, noted to be rescheduled, and then just a few days later, the case was dismissed. There was no opportunity to amend the complaint. There was no opportunity to turn in a memo in And then let's just take it for granted that since everybody can amend the complaint once as of right, that was an error. But Judge Barrett's question is related to the one I'm about to ask. Is it a harmful error? Is the new complaint you wish to file one that alleges that the person you were complaining about committed securities fraud? It's not simply that there's maybe some reporting requirement. I understand. But it has to be a requirement to report securities fraud. Yes. I've looked through your complaint, it's attached to your brief, and it alleges that the person you were Well, whatever that is, and it's utterly detail-free, it doesn't sound like securities fraud. Correct. But if this court or the Supreme Court, if they decide that to be protected under the whistleblower statute, that a person must have previously made that report to the SEC. No, that's a separate question. There are separate requirements to be a protected whistleblower under Dodd-Frank. One is, or maybe, a reporting requirement. The second is that what you're complaining about concerns securities fraud. Suppose you're complaining that somebody at the Chicago Stock Exchange is stealing pencils and taking them home, or is having an affair with a subordinate, or is, there are lots of things people can do wrong in the workplace that are not securities fraud. That's why I say I looked at your document, and it doesn't seem to allege securities fraud. Okay, I understand. So you're talking about the improprietors or whatever that I complained to up the chain? Yes, Mr. Santoria is the person you said was committing improprieties, and the complaint is you were fired because you complained about Santori. But I can't see anything that alleges that you were complaining to the Stock Exchange that Santori was committing securities fraud. Okay, it's not strictly securities fraud, and that's not what the Dodd-Frank specifies. It was securities violation, which is different than securities fraud. And the Chicago Stock Exchange is under greater scrutiny by the SEC than any other random company. So what? Consider my hypothetical. Okay. Suppose you believe this man is having an affair with a subordinate. It's totally inappropriate. It is punishable. He should have been fired, and he wasn't. You make that allegation, and you end up being fired. Is there a Dodd-Frank problem? I don't know. The thing that I ultimately complained about, the major thing, was that he was basically forcing my team to require broker-dealers that we examined to put in procedures that were counter to Chicago Stock Exchange rules. Well, you may have trouble with that. In what manner? It doesn't sound like securities fraud. It doesn't sound like a violation even of the rules of the SEC. It sounds like you're alleging a violation of Chicago Stock Exchange. Which are covered, every rule that the Chicago Stock Exchange passes has to be approved by the SEC. It's not strictly securities fraud that's an issue. And going back to the reason for the complaint in the first place, that was because the Chicago Stock Exchange did not have procedures, even though I brought this to their attention, to the National Best Bidder offer. Through an exemption that was, it's called Qualified Contingent Trade Exemption. Without getting into great detail about this, this exposed the exchange to possible fraud, and I think, in fact, fraud did occur on other participants that were forced to have, you know, adverse prices. This was brought up, you know, leading up to when I eventually made the whistleblower complaint. And that's really the event that qualified me as a whistleblower entitled to whistleblower protections. So under that third paragraph, the Dodd-Frank protections for whistleblower, any report that I make that's legally required or required by the Chicago Stock Exchange of me, that's protected. That's protected activity, and they can't fire me for that. Going back to just the procedural errors. Thank you, Counsel. Oh, I'm out of time. Thank you. Mr. Bradley. Good morning, Your Honor. Good morning, Your Honors. Tom Bradley on behalf of the Chicago Stock Exchange. Your Honor, I think it's pretty clear that the original complaint that Mr. Martinson filed did not allege that he had provided information relating to a violation of the security laws to the SEC. Therefore, he was not a whistleblower and, therefore, was appropriate. Well, therefore, if Digital Realty Trust comes out a particular way... If the law changes, Your Honor, to interpret the statute in a way which is contrary to... It's not a question of the law changing, Counsel. The law is what it is. There is disagreement among the Court of Appeals about what it is. The Supreme Court will resolve that disagreement. The law isn't changing one iota. Well, the law that would change, Your Honor, is what do you do in interpreting a statute when the statutory language is clear. If that is the law that I'm referring to, and if that law changes, then it is unlikely that the district court's decision would remain a proper dismissal. But here, the language was... No, look. The district court's decision is not proper because every plaintiff has a right, a right, to amend a complaint once. No question, Judge. Right? And the judge said, no, you can't. Well, that's a problem. District judges can't override the rules. So we need to figure out whether the district judge's error was a consequential error. Agreed, Judge. It may depend on the outcome of Digital Realty Trust. Agreed. It may depend on what Mr. Martinson could plead consistent with Rule 11 in a new complaint. It may depend on the outcome of the Verfurth case, which is under advisement in this court. And it may depend on whether the complaint alleges a violation of the securities laws or the rules issued by the SEC, which is the technical language that I was summing up as securities fraud. Yes, Your Honor. Those allegations are also not in the complaint. Agreed, Judge. The law remains, however, when you have a statute which is unambiguous. You apply the statute as it's written without resort to looking to administrative regulations for assistance. And the statute as written required the whistleblower to provide information relating to the security laws, security law violation to the SEC. And there was nothing like that in the original complaint. The dismissal, therefore, of the original complaint, subject to Your Honor's point, and I think it's a good one, that you're entitled to have an amendment, was proper. The question is, as Your Honor correctly pointed out, whether the failure to give him that opportunity in dismissing not only the complaint but the action is harmless error. We submit, Your Honors, that it is harmless error. And that it's harmless error because when he filed his motion to vacate, what he said was that he was going to allege in his new complaint facts that established that he had prior contact and prior interaction with the SEC. Those are his words, not mine. And although the judge in his original ruling on that on July 11th said, I need to see your amended complaint in order to rule, six days later upon reconsidering it, he said, I don't need to see the amended complaint because your proposal to amend to add language saying that you had prior contact or prior interaction with the SEC does not meet the statutory standard of providing information relating to a violation of securities laws to the SEC. Mr. Martinson's statement today that he would, if given an opportunity in a new complaint, allege that sometime in January of 2014, more than two and a half years before his termination, that he submitted something to the SEC, respectfully, should not be considered by this court because number one, he had the opportunity on the motion to vacate to articulate what he would have pled, and he didn't do so. And number two, two and a half years is, I think, under many of the decisions of this court, too long to establish any sort of temporal proximity as required. There may be all sorts of other failings, but the district court didn't rule on any of them. There were other failings that this court, you're right, Your Honor, they didn't rule on the others. So we're only before, Your Honor, on the things they did rule on, which was his failure to allege the second time through facts, even though it wasn't in a complaint that would have established that he was a whistleblower. The structure of the Dodd-Frank Act supports an interpretation of it consistent with its plain language. The structure of the Act as well as its legislative history. The legislative history states that they were creating a new robust whistleblower program designed to motivate people who knew of securities laws violations and to assist the government. I thought you just told us we were supposed to follow the plain language of the statute. Anybody who believes that should be standing as far away from legislative history as you can imagine. Well, Your Honor, you've not ruled on that. So what is your position? We're supposed to follow the language of the statute? Do something else? Well, I'm saying, Your Honor, if you're not persuaded by that argument and you do turn to the legislative history, the legislative history is consistent with our reading and the district court's reading of the plain language of the statute. That was the only point of referencing that. So then that brings us back to the procedural issue, which is what Mr. Martinson raised and which Your Honor has raised. Is the error that was caused by the judge not allowing him an opportunity to replead, is it harmless or not? And in light of the fact that he stated in his motion to vacate nothing about facts that he would allege establishing that he had provided information relating to a securities law violation to the SEC. And we would argue today what he has said today is two and a half years before his termination, it is unlikely that that creates the temporal proximity usually required for a retaliation claim to stand, that any such amendment would have been futile and therefore it's harmless error. Your Honors, do you have any questions? Thank you. It doesn't look like it. Now, we are going to need some supplemental filings in this case. I doubt, you know, you never can tell. But in the event we don't decide this instantly, there's always the possibility that either the Supreme Court or the panel in Verfurth will decide first and that those decisions will affect the outcome of this case. Yes, Your Honor. We want the parties to file supplemental memos within 14 days of either Verfurth or Digital Realty Trust advising us what consequence you think those opinions have. And if those cases are decided at separate times, that may mean two separate filings. All right? We don't guarantee that we won't decide the case earlier, but if we are still cogitating when those cases come down, we'll want to know what their consequences are. All right? So it's a conditional order, separate memos to be filed within 14 days of both Verfurth and Digital Realty Trust if this case is still under advisement. And if they come down at different times, you want separate briefs? Yes. So you won't rule until both of us have submitted two briefs? No, we're not saying when we will rule. We're saying that if the case is still under advisement, when one or both of those cases is released, we want the parties to tell us what significance the parties believe they have. Thank you, Your Honor. Okay? I understand. Thank you. Thank you very much. The case is taken under advisement. The case is taken under advisement.